IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

DANIEL J. NEWLIN, P.A., d/b/a THE LAW
OFFICES OF DAN NEWLIN & PARTNERS,
DAN NEWLIN & PARTNERS, and DAN
NEWLIN & PARTNERS INJURY
ATTORNEYS, a Florida corporation,

     CASE NO.:

     Plaintiff,

vs.

DEX MEDIA HOLDINGS, INC., d/b/a
DEXYP, a foreign profit corporation;
FENSTERSHEIB LAW GROUP, P.A., a
Florida profit corporation; ROBERT J.
FENSTERSHEIB, an individual; and DAVID
S. FENSTERSHEIB, an individual,

     Defendants.

_____/

## COMPLAINT

Plaintiff, DANIEL J. NEWLIN, P.A., d/b/a THE LAW OFFICES OF DAN NEWLIN &

PARTNERS, DAN NEWLIN & PARTNERS, and DAN NEWLIN & PARTNERS INJURY

ATTORNEYS, a Florida corporation ("Newlin Law"), files this complaint against Defendants,

DEX MEDIA HOLDINGS, INC., d/b/a DEXYP, a foreign profit corporation ("Lead Broker");

FENSTERSHEIB LAW GROUP, P.A., a Florida profit corporation ("Fenstersheib Law");

ROBERT J. FENSTERSHEIB, an individual ("Robert Fenstersheib"); and DAVID S.

FENSTERSHEIB, an individual ("David Fenstersheib"), (the law firm and lawyers are collectively

referred to as "Defendants").

## INTRODUCTION

1.    Lead Broker Defendants are trafficking in the purchase and sale of accident

victims' legal cases in exchange for U.S. currency by conducting, participating in, conspiring to

commit, and/or aiding and abetting the publication of misleading and deceptive internet advertising campaigns and intake schemes that are intentionally designed to trade on the goodwill of Newlin Law, developed in the name of Dan Newlin, and to confuse and mislead consumers searching for Newlin Law on the internet for legal representation.  In carrying out, participating in, conspiring to commit, and/or aiding and abetting this deceptive scheme, Lead Broker and Defendants traffic in the purchase and sale of accident victims' legal cases that result from stolen internet traffic of consumers searching for Newlin Law in violation of Florida law.

## PARTIES, JURISDICTION, AND VENUE

2.      Newlin Law is a Florida corporation with its principal place of business located at 7335 W. Sand Lake Rd., Suite 300, Orlando, FL 32810.

3.      Lead Broker is a foreign profit corporation with its principal place of business located at 2200 West Airfield Drive, DFW Airport, TX 75261.

4.      Fenstersheib Law is a Florida profit corporation with its principal place of business located at 520 W. Hallandale Bch., Hallandale, FL 33009.

5.      Robert Fenstersheib is a licensed attorney who practices law in Florida.

6.      David S. Fenstersheib is a licensed attorney who practices law in Florida.

7.      This is an action for injunctive relief, damages, and other relief with an amount in controversy in excess of Fifteen Thousand and No/100 dollars ($15,000.00), exclusive of costs and attorneys' fees.

8.      This Court has jurisdiction over this matter pursuant to section 26.012, Florida Statutes.

9.      Venue is proper in this Court pursuant to sections 47.011 and 47.051, Florida Statutes, because the cause of action accrued in Orange County, Florida.  Specifically, the affected

party, Newlin Law, is located in Orange County, Florida, and misled and diverted consumers in Orange County, Florida, are being directed to Defendants in Orange County, Florida, for accidents that occur in Orange County, Florida.

## GENERAL ALLEGATIONS

10.     Newlin Law, is engaged in the business of providing legal services to victims of personal injury and wrongful death resulting from auto accidents, premises liability, medical malpractice, workplace injuries, etc.  Newlin Law is a highly reputable legal practice with five offices throughout central Florida and over sixty highly experienced attorneys on staff.

11.     Newlin Law is the owner of the common law service marks and trademarks "Law Offices of Dan Newlin," "The Law Offices of Dan Newlin & Partners," "Dan Newlin & Partners," and "Dan Newlin & Partners Injury Attorneys"[1]  (the "Service Mark").  Newlin Law uses the Service Mark in connection with its legal practice, and as a result of its over fifteen (15) years of continuous and exclusive use in the marketplace, the Service Mark is distinctive of the legal services Newlin Law provides.

12.     Non-party attorney, Daniel Newlin, has licensed his name to Newlin Law for use in the provision of legal services and Newlin Law has the right to bring this action to prohibit use of the name Daniel Newlin, Dan Newlin or any other variant thereof (collectively, the "Newlin Name").  Moreover, Daniel Newlin has assigned to Newlin Law his individual rights to any claims for the unauthorized use of his name.

13.     Newlin Law has expended a great deal of effort, care, and money to brand itself as a highly reputable law firm throughout Florida.  Accordingly, Newlin Law enjoys strong rights in

---

[1] The trade names and associated logos "Dan Newlin & Partners" and "Dan Newlin & Partners Injury Attorneys" are registered with the United States Patent and Trademark Office under registration numbers, 5553966, 5553968, and 5553969.

the Service Mark and the Newlin Name, and consumers and the general public strongly associate the Service Mark and the Newlin Name with the services provided by Newlin Law.

14.     In addition to the Service Mark and the Newlin Name, Newlin Law also enjoys intellectual property rights in its website located at: www.newlinlaw.com ("Newlin's Website").

15.     Newlin Law utilizes the Google search engine ("Google") to place "pay-per-click" ("PPC") advertisements for Newlin's Website.  Accordingly, when consumers search for "Dan Newlin," "Dan Newlin Attorney," "Daniel Newlin," or "Newlin Law" on certain search engines, Newlin's Website will be the top search result.

16.     One of the most common ways consumers find Newlin Law is by searching Google for some variation of the Newlin Name or Newlin Law, e.g., Dan Newlin or Attorney Dan Newlin.

17.     When consumers utilize these derivations of the Newlin Name as search terms on Google the search should trigger the appearance of Newlin Law.

18.     However, Defendants have hired Lead Broker who is illegally obtaining and selling accident victim legal case "leads" to Defendants in exchange for U.S. currency.

19.     Lead Broker has published deceptive and fraudulent ads on Google for the sole purpose of intercepting consumers searching for Newlin Law.  More specifically, Lead Broker provides marketing solutions to business clients, including, but not limited to, search, display, social, and print directory solutions through its proprietary search sites, such as Yellowpages.com, Superpages.com, and Dexknows.com, as well as extended network of partner sites; and online local search engine Websites, mobile local search applications, and placement of client's information and advertisements on search engine Websites under Dex and YP brands. Unfortunately, the internet advertisements that Lead Broker utilizes to direct accident victims to

its lead referral customers, e.g., Defendants, are highly deceptive, unlawful, and unethical.

20.     Once Lead Broker acquires the accident victims' legal cases as signed clients or potential clients, Lead Broker and Defendants engage in the acquisition, purchase, and sale of accident victims' legal case leads resulting from highly deceptive, unlawful, and unethical advertisements placed via Google Adwords, Google Express, or other Google advertising tools.

21.     Upon information and belief, Lead Broker and Defendants are trafficking in the purchase and sale of accident victims' legal cases in exchange for U.S. currency that are resulting from publishing deceptive and unlawful advertisements through or referencing the "888" telephone numbers and/or websites: (a) (888) 203-3866 D/B/A WWW.ATLSWIGHS.ATLASWEIGHING.LIVE; (b) (888) 204-7949 D/B/A WWW.VISIONINTEGRATOR.SITE; and/or (c) (888) 251-0799 D/B/A WWW.STERLINGROTATIONALMOLDING.SHOP ("Lead Broker Websites") with the express intention of stealing consumers who were searching for Newlin Law.

22.     Examples of Lead Broker's deceptive, unlawful, and unethical advertisements placed via Google are shown below:

SCREENSHOTS ON NEXT PAGE







23.     When Lead Broker engages Google using different tools like Google AdWords, consumers who are searching for Dan Newlin, Attorney Daniel Newlin, Newlin Law, Newlin's Website, the Service Mark, or another variation of the Newlin Name on Google using a mobile

phone or device are presented with the above highly deceptive, unlawful, and unethical listings that appear in an effort to fraudulently divert that search traffic to Lead Broker, then ultimately Defendants.

24.     After clicking on the Lead Broker Website's PPC advertisements, consumers are connected to a recording via telephone that collect information about the accident victim and the case, then the accident victim's case lead is connected to one of Lead Broker's customers, e.g., Defendants' office, in exchange for U.S. currency.

25.     On or about December 29, 2018, separate callers were connected to Defendants' office and told that one of Defendants' attorneys would be contacting the caller as soon as possible.

26.     These accident victims are unknowingly, unlawfully, and unethically sold as leads to Defendants, who have jointly, severally, and knowingly conspired in this scheme or aided and abetted it.

27.     Newlin Law is informed and believes Lead Broker is using Google's advertising tools in a manner that makes the Lead Broker's deceptive, unlawful, and unethical Google advertisements appear as related to or derived from Newlin Law.   This use of deceptive, unlawful, and unethical Google advertisements that appear on a search for the Newlin Name, Newlin Law, or any hybrid thereof, violate Florida law, Florida administrative rules, and Federal law.

28.     Newlin Law is informed and believes that Lead Broker is engaging and utilizing Google advertising tools with general and specific keyword buys which are deceptively, unlawfully, and unethically placing the fraudulent ads within the Google search results for Newlin Law. Additionally, Lead Broker's advertisements do not clearly indicate that they are a separate legal service provider from Newlin Law and not associated with it in any way. (Lead Broker's deceptive, unlawful, and unethical acts referred to above are collectively referred to herein as the

"Lead Broker's Advertising Scheme").

29.     Newlin Law has not authorized Lead Broker, nor Defendants, to use its Service Mark, the Newlin name, or any variation thereof in commerce.

30.     Lead Broker's Advertising Scheme involves trading on the goodwill of the "Newlin" name to cause initial confusion among consumers searching for Newlin Law.

31.     Lead Broker's Advertising Scheme causes confusion and mistake among consumers as to the source or origin of Lead Broker's advertisements, and misleads consumers into believing they are being directed to the Newlin Website, when in fact, they are being directed to Lead Broker's Websites or call center, then they are being connected to or referred to Defendants.

32.     Additionally, by using generic words or phrases in the ads with such close proximity to Newlin Law's paid advertisements and organic search results, Lead Broker and Defendants are deceptively, intentionally, and knowingly diverting consumers searching for Newlin Law who are attempting to navigate to the Newlin Website and contact Newlin Law.

33.     Under Rule 4-7 of the Florida Bar's Rules of Professional Conduct, information about legal services in internet advertising and websites must comply with the Rules, including Rule 4-7.12(a)(2) requires that all advertisements for legal employment must include "the city, town or county of 1 or more bona fide locations of the lawyer who will perform the services advertised."   Rule 4-7.13(a)(2) describes advertising as deceptive and inherently misleading when it "omits information that is necessary to prevent the information supplied from being misleading."   Rule 4-7.13(a)(3) describes advertising as deceptive and inherently misleading when it implies the existence of material nonexistent fact."

34.     The advertisements used in Lead Broker's Advertising Scheme fail to comply with the Florida Bar Rules of Professional Conduct by:

    a.   Failing to state the city, town or county of 1 or more bona fide locations of the lawyer who will perform the services advertised;

    b.   Omitting information that is necessary to prevent the information supplied from being misleading including an address or any other information to show it is not related in any way with Newlin Law.

    c.   Implying the existence of material nonexistent facts, i.e., that they are Newlin Law or are related with Newlin Law.

35.    By omitting this information, the advertisements used in Lead Broker's Advertising Scheme are deceptive, inherently misleading, and unethical.

36.    Furthermore, Rule 4-7.22(a) of the Florida Bar's Rules of Professional Conduct provides that "[a] lawyer is prohibited from participating with any qualifying provider that does not meet the requirements of this rule and any other applicable Rule Regulating the Florida Bar."

37.    By definition, Lead Broker is a "qualifying provider" because it "match[es] a prospective client with lawyers or law firms." Rule 4-7.22(b), Fla. Bar R. Prof. Cond.

38.    Furthermore, "[a] lawyer who participates with a qualifying provider . . . is responsible for the qualifying provider's compliance with [Rule 4-7.22] if . . . the lawyer does not engage in due diligence in determining the qualifying provider's compliance with this rule before beginning participation with the qualifying provider . . ." Rule 4-7.22(e), Fla. Bar R. Prof. Cond.

39.    All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I –UNAUTHORIZED USE OF NAME FOR ADVERTISING

40.    Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

41.    This is an action against Lead Broker for unauthorized use of the Newlin Name for advertising under section 540.08, Florida Statutes, and the damages arising therefrom in

excess of Fifteen Thousand and No/100 Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

42.     The Newlin Name is the name of a natural person, i.e., Daniel Newlin, Esq.

43.     Daniel Newlin, Esq. has licensed use of the Newlin Name to Newlin Law.  Dan Newlin, Newlin Law, or any person or entity associated with Dan Newlin or Newlin Law have not given Lead Broker, nor Defendants, consent to use the Newlin Name or any variation thereof.

44.     Lead Broker knew that it does not have consent to use the Newlin Name or any variation thereof.

45.     Through Lead Broker's Advertising Scheme, Lead Broker has publicly used for the purposes of trade, commerce, and advertising the Newlin Name, including, specifically, "Dan Newlin."

46.     Newlin Law has been injured and suffered losses as a result of Lead Broker's public use of the name "Dan Newlin" for the purposes of trade, commerce, and advertising.  Specifically, Lead Broker's conduct directly and proximately caused (1) damages to Newlin Law's business reputation, brand, and good will by diverting clients to Defendants, (2) lost profits because clients who were reasonably likely to hire Newlin Law for its services were misled into obtaining legal services from Defendants, and (3) additional costs to implement corrective advertisement to remedy the damages to Newlin Law's business reputation, brand, and goodwill.

47.     Newlin Law has the right to recover damages for the injuries and losses caused by Lead Broker's unauthorized public use of the name "Dan Newlin."

48.     Additionally, Newlin Law has the equitable right to enjoin Lead Broker from the unauthorized public use of the name "Dan Newlin."

49.     Newlin Law has no adequate remedy at law for Lead Broker's unauthorized

conduct.

50.     Lead Broker's actions have caused and, unless restrained by the Court, will continue to cause irreparable injury to Newlin Law.

WHEREFORE, Newlin Law demands judgment against Lead Broker for damages, including royalty damages, injunctive relief, and such other relief that this Court deems proper.

## COUNT II – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

51.     Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

52.     This is an action against Lead Broker for violation of Florida's Unfair and Deceptive Trade Practices Act, section 501.201, *et seq.*, Florida Statutes, damages arising therefrom in excess of Fifteen Thousand and No/100 Dollars ($15,000.00), and for injunctive relief to prevent future non-monetary harm.

53.     Lead Broker has engaged in unfair and deceptive acts and practices in the advertisement of its services by improperly misleading and deceiving consumers into believing that Lead Broker and/or Defendants are associated with, related to, or are in fact Newlin Law.

54.     Lead Broker's trafficking in the purchase and sale of accident victims' legal cases in exchange for U.S. currency unfairly competes with Newlin Law by negatively impacting its normal and customary business flow, resulting in associated loss of revenue.

55.     Newlin Law is aggrieved and has suffered damages as a result of Lead Broker's unfair method of competition, unconscionable acts and practices, and unfair and deceptive acts and practices as set forth in section 501.204, Florida Statutes.

56.     Lead Broker's actions, as described above, have caused non-monetary injury to Newlin Law's goodwill and will continue to cause non-monetary irreparable harm for which

Newlin Law has no adequate remedy at law.

57.     Newlin Law is entitled to an injunction prohibiting Lead Broker from engaging in willful and malicious unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices under section 501.211(1), Florida Statutes.

58.     Newlin Law is entitled to recover its reasonable attorneys' fees pursuant to section 501.2105, Florida Statutes.

WHEREFORE, Newlin Law demands judgment against Lead Broker for damages, including royalty damages, injunctive relief, attorneys' fees, and such other relief that this Court deems proper.

## COUNT III – SERVICE MARK INFRINGEMENT

59.     Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

60.     This is an action against Lead Broker for service mark infringement, and the damages arising therefrom in excess of Fifteen Thousand and No/100 Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

61.     Newlin Law enjoys common law rights to the Service Mark because it was the first to appropriate the name "Dan Newlin" and use it in commerce in connection with legal services, Newlin Law has expended a great deal of effort, care, and money to brand itself as a highly reputable law firm, Newlin Law has continuously and substantially exclusively publicly used the Service Mark throughout Florida since at least as early as May 2002. Consumers and the general public strongly associate the Service Mark with the services provided by Newlin Law.

62.     The Lead Broker's Advertising Scheme causes initial confusion among consumers searching the internet for Newlin Law, and Lead Broker is aware of the confusion caused by the

Advertising Scheme.

63.     Lead Broker's use of the Advertising Scheme is likely to cause or has caused confusion, mistake, and deception as to the source or origin of its or Defendants' services and strongly implies that its or Defendants' services are approved by, sponsored by, or somehow affiliated with Newlin Law or causes initial confusion by unfairly trading on the Newlin Name and brand.

64.     Lead Broker's use of the Advertising Scheme constitutes service mark infringement and has caused damages to Newlin Law in an amount to be determined at trial.

65.     Lead Broker's use of the Advertising Scheme has caused and, unless restrained by the Court, will continue to cause irreparable injury to Newlin Law for which Newlin Law has no adequate remedy at law to prevent Lead Broker's service mark infringement.

WHEREFORE, Newlin Law demands judgment against Lead Broker for damages, including royalty damages, injunctive relief, and such other relief that this Court deems proper.

## COUNT IV – VIOLATION OF FLORIDA'S MISLEADING ADVERTISING LAW

66.     Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

67.     This is an action against Lead Broker for misleading advertising under section 817.41, Florida Statutes.

68.     Lead Broker's use of the Advertising Scheme constitutes misleading advertising as defined in section 817.40(5), Florida Statutes, and are prohibited under section 817.41, Florida Statutes.

69.     Lead Broker knew the use of the Advertising Scheme constitutes misleading advertising as defined in section 817.40(5), Florida Statutes, and are prohibited under section

817.41, Florida Statutes.

70.     Lead Broker made and publicly disseminated the above-described advertisements, which misled accident victims to believe they would be contacting Newlin Law, when they were actually being directed to Lead Broker and/or Defendants.

71.     Lead Broker made and publicly disseminated the advertisements with the intent or purpose, either directly or indirectly, of selling legal services, or to induce the public into entering into an obligation relating to legal services.

72.     Lead Broker's advertisements were misrepresentations of material fact that Lead Broker and Defendants knew, or in the exercise of reasonable care should have known, would mislead the public into believing they were contacting Newlin Law, instead of being directed to Lead Broker and/or Defendants.

73.     Lead Broker intended for the public to rely and act upon the advertisements for the purpose of generating clients that were seeking legal services.

74.     Newlin Law is a competitor of Lead Broker and/or Defendants.

75.     As a direct and proximate result of Lead Broker's violations of Florida's Misleading Advertising Law, Newlin Law has suffered significant damages.

WHEREFORE, Newlin Law demands judgment against Lead Broker for damages, interest, costs, attorneys' fees, and such other relief that this Court deems proper.

### COUNT V – COMMON LAW UNFAIR COMPETITION

76.     Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

77.     This is an action against Lead Broker for unfair competition.

78.     Lead Broker's actions set forth herein constitute an unfair, unlawful, or deceptive

business practice.

79.     Newlin Law competes with Lead Broker for a common pool of customers.

80.     Lead Broker's advertisements created a likelihood of customer confusion.

81.     As a direct and proximate result of Lead Broker's unfair competition, Newlin Law has suffered significant damages.

WHEREFORE, Newlin Law demands judgment against Lead Broker for damages, interest, costs, and such other relief that this Court deems just and proper.

## COUNT VI – AIDING AND ABETTING UNAUTHORIZED USE OF NAME FOR ADVERTISING

82.     Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

83.     This is an action against Defendants for aiding and abetting unauthorized use of the Newlin Name for advertising under section 540.08, Florida Statutes, and the damages arising therefrom in excess of Fifteen Thousand and No/100 Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

84.     The Newlin Name is the name of a natural person, i.e., Daniel Newlin, Esq.

85.     Daniel Newlin, Esq. has licensed use of the Newlin Name to Newlin Law.  Dan Newlin, Newlin Law, or any person or entity associated with Dan Newlin or Newlin Law have not given Defendants, nor Lead Broker, consent to use the Newlin Name or any variation thereof.

86.     Defendants knew that Lead Broker did not have consent to use the Newlin Name or any variation thereof.

87.     By purchasing client referrals from Lead Broker, Defendants are providing substantial assistance or encouragement of Lead Broker and the Advertising Scheme publicly used for the purposes of trade, commerce, and advertising the Newlin Name, including,

specifically, "Dan Newlin."

88.     Newlin Law has been injured and suffered losses as a result of Defendants' aiding and abetting of Lead Broker's public use of the name "Dan Newlin" for the purposes of trade, commerce, and advertising.  Specifically, Defendants aiding and abetting of Lead Broker's conduct directly and proximately caused (1) damages to Newlin Law's business reputation, brand, and good will by diverting clients to Defendants, (2) lost profits because clients who were reasonably likely to hire Newlin Law for its services were misled into obtaining legal services from Defendants, and (3) additional costs to implement corrective advertisement to remedy the damages to Newlin Law's business reputation, brand, and goodwill.

89.     Newlin Law has the right to recover damages for the injuries and losses caused by Defendants' aiding and abetting of Lead Broker's unauthorized public use of the name "Dan Newlin."

90.     Additionally, Newlin Law has the equitable right to enjoin Defendants from aiding and abetting Lead Broker's unauthorized public use of the name "Dan Newlin."

91.     Newlin Law has no adequate remedy at law for Defendants' aiding and abetting of Lead Broker's unauthorized conduct.

92.     Defendants' aiding and abetting of Lead Broker's actions have caused and, unless restrained by the Court, will continue to cause irreparable injury to Newlin Law.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, including royalty damages, injunctive relief, and such other relief that this Court deems proper.

## COUNT VII – CIVIL CONSPIRACY TO COMMIT UNAUTHORIZED USE OF NAME FOR ADVERTISING

93.     Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

94.     This is an action against Defendants for civil conspiracy to use for advertising the Newlin Name without authorization under section 540.08, Florida Statutes, and the damages arising therefrom in excess of Fifteen Thousand and No/100 Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

95.     The Newlin Name is the name of a natural person, i.e., Daniel Newlin, Esq.

96.     Daniel Newlin, Esq. has licensed use of the Newlin Name to Newlin Law.  Dan Newlin, Newlin Law, or any person or entity associated with Dan Newlin or Newlin Law have not given Defendants, nor Lead Broker, consent to use the Newlin Name or any variation thereof.

97.     Defendants knew that Lead Broker did not have consent to use the Newlin Name or any variation thereof and conspired with Lead Broker to unlawfully use the Newlin Name.

98.     By trafficking in the purchase of accident victims' legal cases from Lead Broker in exchange for U.S. currency, Defendants committed an overt act in furtherance of the Lead Broker's Advertising Scheme that publicly used for the purposes of trade, commerce, and advertising the Newlin Name, including, specifically, "Dan Newlin."

99.     Newlin Law has been injured and suffered losses as a result of Defendants conspiring with Lead Broker to publicly use the name "Dan Newlin" for the purposes of trade, commerce, and advertising.  Specifically, Defendants conspiring with Lead Broker's conduct directly and proximately caused (1) damages to Newlin Law's business reputation, brand, and good will by diverting clients to Defendants, (2) lost profits because clients who were reasonably likely to hire Newlin Law for its services were misled into obtaining legal services from Defendants, and (3) additional costs to implement corrective advertisement to remedy the damages to Newlin Law's business reputation, brand, and goodwill.

100.    Newlin Law has the right to recover damages for the injuries and losses caused

by Defendants conspiring with Lead Broker's unauthorized public use of the name "Dan Newlin."

101.    Additionally, Newlin Law has the equitable right to enjoin Defendants from conspiring with Lead Broker's unauthorized public use of the name "Dan Newlin."

102.    Newlin Law has no adequate remedy at law to prevent Defendants from conspiring with Lead Broker for the unauthorized conduct.

103.    Defendants' conspiracy with Lead Broker's unlawful actions have caused and, unless restrained by the Court, will continue to cause irreparable injury to Newlin Law.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, including royalty damages, injunctive relief, and such other relief that this Court deems proper.

## COUNT VIII – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

104.    Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

105.    This is an action against Defendants for violation of Florida's Unfair and Deceptive Trade Practices Act, section 501.201, *et seq.*, Florida Statutes, damages arising therefrom in excess of Fifteen Thousand and No/100 Dollars ($15,000.00), and for injunctive relief to prevent future non-monetary harm.

106.    Defendants, in conjunction with Lead Broker, have engaged in unfair and deceptive acts and practices in the advertisement of its services by improperly misleading and deceiving consumers into believing that Defendants, via Lead Brokers' Advertising Scheme, are associated with, related to, or are in fact Newlin Law.

107.    Defendants' trafficking in the purchase of accident victims' cases from Lead Broker in exchange for U.S. currency unfairly competes with Newlin Law by negatively impacting its normal and customary business flow, resulting in associated loss of revenue.

108.     Newlin Law is aggrieved and has suffered damages as a result of Defendants' and Lead Broker's unfair method of competition, unconscionable acts and practices, and unfair and deceptive acts and practices as set forth in section 501.204, Florida Statutes.

109.     Defendants' and Lead Broker's actions, as described above, have caused non-monetary injury to Newlin Law's goodwill and will continue to cause non-monetary irreparable harm for which Newlin Law has no adequate remedy at law.

110.     Newlin Law is entitled to an injunction prohibiting Defendants and Lead Broker from engaging in willful and malicious unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices under section 501.211(1), Florida Statutes.

111.     Newlin Law is entitled to recover its reasonable attorneys' fees pursuant to section 501.2105, Florida Statutes.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, including royalty damages, injunctive relief, attorneys' fees, and such other relief that this Court deems proper.

## COUNT IX – AIDING AND ABETTING SERVICE MARK INFRINGEMENT

112.     Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

113.     This is an action against Defendants for aiding and abetting service mark infringement, and the damages arising therefrom in excess of Fifteen Thousand and No/100 Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

114.     Newlin Law enjoys common law rights to the Service Mark because it was the first to appropriate the name "Dan Newlin" and use it in commerce in connection with legal services, Newlin Law has expended a great deal of effort, care, and money to brand itself as a highly

reputable law firm, Newlin Law has continuously and substantially exclusively publicly used the Service Mark throughout Florida since at least as early as May 2002. Consumers and the general public strongly associate the Service Mark with the services provided by Newlin Law.

115.    Lead Broker's Advertising Scheme causes initial confusion among  consumers searching  the internet for Newlin Law, and Defendants are aware of the confusion caused by Lead Broker's use of the Advertising Scheme.

116.    Lead Broker's use of the Advertising Scheme is likely to cause or has caused confusion, mistake, and  deception  as  to  the  source  or  origin  of Defendants'  services  and strongly  implies  that Defendants' services are approved by, sponsored by, or somehow affiliated with Newlin Law or causes initial confusion by unfairly trading on the Newlin Name and brand.

117.    By  purchasing  client  referrals  from  Lead  Broker,  Defendants  are  providing substantial assistance or encouragement of Lead Broker's use of the Advertising Scheme.

118.    Defendants' aiding and abetting of Lead Broker's use of the Advertising Scheme constitutes service mark infringement and has caused damages to Newlin Law in an amount to be determined at trial.

119.    Defendants' aiding and abetting of Lead Broker's use of the Advertising Scheme has caused and, unless restrained by the Court, will continue to cause  irreparable  injury  to  Newlin Law  for  which  Newlin Law  has  no  adequate  remedy  at  law  to prevent Defendants' aiding and abetting of Lead Broker's service mark infringement.

WHEREFORE,  Newlin  Law  demands  judgment  against  Defendants  for  damages, including royalty damages, injunctive relief, and such other relief that this Court deems proper.

## COUNT X – CIVIL CONSPIRACY TO COMMIT SERVICE MARK INFRINGEMENT

120.    Newlin Law incorporates by reference the above paragraphs numbered 1 through

39, as if fully set forth herein.

121.    This is an action against Defendants for conspiring with Lead Broker to commit service mark infringement, and the damages arising therefrom in excess of Fifteen Thousand and No/100 Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

122.    Newlin Law enjoys common law rights to the Service Mark because it was the first to appropriate the name "Dan Newlin" and use it in commerce in connection with legal services, Newlin Law has expended a great deal of effort, care, and money to brand itself as a highly reputable law firm, Newlin Law has continuously and substantially exclusively publicly used the Service Mark throughout Florida since at least as early as May 2002. Consumers and the general public strongly associate the Service Mark with the services provided by Newlin Law.

123.    Lead Broker's Advertising Scheme causes initial confusion among consumers searching the internet for Newlin Law, and Defendants are aware of the confusion caused by Lead Broker's use of the Advertising Scheme.

124.    Lead Broker's Advertising Scheme is likely to cause or has caused confusion, mistake, and deception as to the source or origin of Defendants' services and strongly implies that Defendants' services are approved by, sponsored by, or somehow affiliated with Newlin Law or causes initial confusion by unfairly trading on the Newlin Name and brand.

125.    By trafficking in the purchase from Lead Broker of accident victims' legal cases in exchange for U.S. currency, Defendants committed an overt act in furtherance of Lead Broker's unlawful use of the Advertising Scheme.

126.    Defendants conspiring with Lead Broker's use of the Advertising Scheme constitutes service mark infringement and has caused damages to Newlin Law in an amount to be determined at trial.

127. Defendants conspiring with Lead Broker's use of the Advertising Scheme has caused and, unless restrained by the Court, will continue to cause irreparable injury to Newlin Law for which no adequate remedy at law exists for Defendants conspiring with Lead Broker to commit service mark infringement.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, including royalty damages, injunctive relief, and such other relief that this Court deems proper.

## COUNT XI – AIDING AND ABETTING THE VIOLATION OF FLORIDA'S MISLEADING ADVERTISING LAW

128. Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

129. This is an action against Defendants for aiding and abetting Lead Broker's misleading advertising under section 817.41, Florida Statutes.

130. Lead Broker's use of the Advertising Scheme constitutes misleading advertising as defined in section 817.40(5), Florida Statutes, and are prohibited under section 817.41, Florida Statutes.

131. Defendants knew that Lead Broker's use of the Advertising Scheme constitutes misleading advertising as defined in section 817.40(5), Florida Statutes, and are prohibited under section 817.41, Florida Statutes.

132. Lead Broker made and publicly disseminated the above-described advertisements, which misled accident victims to believe they would be contacting Newlin Law, when they were actually being directed to Lead Broker and/or Defendants.

133. Defendants knew that Lead Broker making and publicly disseminating the above-described advertisements would misled accident victims to believe they would be contacting Newlin Law, when they were actually being directed to Lead Broker and/or Defendants.

134.    Lead Broker made and publicly disseminated the advertisements with the intent or purpose, either directly or indirectly, of selling legal services, or to induce the public into entering into an obligation relating to legal services.

135.    Lead Broker's advertisements were misrepresentations of material fact that Lead Broker and Defendants knew, or in the exercise of reasonable care should have known, would mislead the public into believing they were contacting Newlin Law, instead of being directed to Lead Broker and/or Defendants.

136.    Lead Broker and Defendants intended for the public to rely and act upon the advertisements for the purpose of generating clients that were seeking legal services.

137.    By trafficking in the purchase of accident victims' legal cases from Lead Broker in exchange for U.S. currency, Defendants provided substantial assistance or encouragement of Lead Broker's unlawful actions.

138.    Newlin Law is a competitor of Defendants.

139.    As a direct and proximate result of Defendants' aiding and abetting of Lead Broker's violations of Florida's Misleading Advertising Law, Newlin Law has suffered significant damages.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, interest, costs, attorneys' fees, and such other relief that this Court deems proper.

## COUNT XII – CIVIL CONSPIRACY TO VIOLATE FLORIDA'S MISLEADING ADVERTISING LAW

140.    Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

141.    This is an action against Defendants for conspiring with Lead Broker to publish misleading advertising under section 817.41, Florida Statutes.

142.     Defendants conspired with Lead Broker in the use of the Advertising Scheme constituting misleading advertising as defined in section 817.40(5), Florida Statutes, which are prohibited under section 817.41, Florida Statutes.

143.     Defendants and Lead Broker conspired to make and publicly disseminated the above-described advertisements, which misled accident victims to believe they would be contacting Newlin Law, when they were actually being directed to Defendants.

144.     Defendants conspired with Lead Broker to make and/or publicly disseminated the advertisements with the intent or purpose, either directly or indirectly, of selling legal services, or to induce the public into entering into an obligation relating to legal services.

145.     The above described  advertisements were misrepresentations of material fact that Defendants and Lead Broker knew, or in the exercise of reasonable care should have known, would mislead the public into believing they were contacting Newlin Law, instead of being directed to Lead Broker and/or Defendants.

146.     Defendants and Lead Broker conspired and intended for the public to rely and act upon the advertisements for the purpose of directing clients to Defendants that were seeking legal services from Newlin Law.

147.     By trafficking in the purchase of accident victims' legal case from Lead Broker in exchange for U.S. currency, Defendants committed an overt act in furtherance of Lead Broker's unlawful actions.

148.     Newlin Law is a competitor of Defendants.

149.     As a direct and proximate result of Defendants conspiring with Lead Broker, they violated Florida's Misleading Advertising Law, Newlin Law has suffered significant damages.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, interest,

costs, attorneys' fees, and such other relief that this Court deems proper.

## COUNT XIII – COMMON LAW UNFAIR COMPETITION

150.    Newlin Law incorporates by reference the above paragraphs numbered 1 through 39, as if fully set forth herein.

151.    This is an action against Defendants for unfair competition.

152.    Defendants' actions set forth herein constitute an unfair, unlawful, or deceptive business practice.

153.    Newlin Law competes with Defendants for a common pool of customers.

154.    Defendants' trafficking in the purchase of accident victims' legal cases from Lead Broker in exchange for U.S. currency and said accident victims legal cases are obtained via Lead Broker's Advertising Scheme that created a likelihood of customer confusion.

155.    As a direct and proximate result of Defendants' unfair competition, Newlin Law has suffered significant damages.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, interest, costs, and such other relief that this Court deems just and proper.

Dated: December 31, 2018.

Respectfully submitted,

DAN NEWLIN & PARTNERS

 /s/ Jason P. Herman
Jason P. Herman
Florida Bar No.: 149357
Direct: (407) 203-6580
Jason.Herman@newlinlaw.com
Marlene.Zervos@newlinlaw.com
Evelyn.Manzueta@newlinlaw.com
Derrick M. Valkenburg
Florida Bar No.: 11468
Direct: (407) 203-6615

Derrick.Valkenburg@newlinlaw.com
Heather.Hughes@newlinlaw.com
Mallory.Walker@newlinlaw.com
Dan Newlin & Partners
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Attorneys for Plaintiff