IN THE CIRCUIT COURT OF THE 9TH JUDICIAL
CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 18-14093

DANIEL J. NEWLIN, P.A., et al.,

    Plaintiffs,

v.

DEX MEDIA
HOLDINGS, INC., et al.,

    Defendants.
_____/

## ANSWER BY FENSTERSHEIB LAW GROUP, ROBERT FENSTERSHEIB AND DAVID FENSTERSHEIB

Defendants Fenstersheib Law Group, P.A., Robert Fenstersheib and David Fenstersheib, Answer the Complaint as follows:

1. Denied.

2. Without knowledge.

3. Without knowledge.

4-6. Admitted.

7. Defendants admit claims are asserted, but deny liable for such claims.

8. Admitted.

9. Without knowledge.

10-17. Without knowledge.

18. Denied.

19. Denied.

20-24. Denied.

25. Without knowledge.

26-28. Denied.

29. Without knowledge.

30-32. Denied.

33-39. Without knowledge.

40-81. These allegations are not directed to these Defendants.

82. Defendants incorporate their prior responses.

83. Defendants admit a claim is made but deny liability for such claim.

84. Without knowledge.

85. Without knowledge.

86-92. Denied.

93. Defendants incorporate their prior responses.

94. Defendants admit a claim is made but deny liability for such claim.

95. Without knowledge.

96. Without knowledge.

97-103. Denied.

104. Defendants incorporate their prior responses.

105. Defendants admit a claim is made but deny liability for such claim.

106-111. Denied.

112. Defendants incorporate their prior responses.

113. Defendants admit a claim is made but deny liability for such claim.

114. Without knowledge.

115-119. Denied.

120. Defendants incorporate their prior responses.

121. Defendants admit a claim is made but deny liability for such claim.

122. Without knowledge.

123-127. Denied.

128. Defendants incorporate their prior responses.

129. Defendants admit a claim is made but deny liability for such claim.

130-139. Denied.

140. Defendants incorporate their prior responses.

141. Defendants admit a claim is made but deny liability for such claim.

142-149. Denied.

150. Defendants incorporate their prior responses.

151. Defendants admit a claim is made but deny liability for such claim.

152-155. Denied.

156. In further answering, Plaintiffs' claims for liability based on an alleged Conspiracy fail. To prove a civil conspiracy, Plaintiffs must show: (1) an agreement between two or more parties; (2) to perform an unlawful act; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy. In this case, Plaintiffs cannot show that these Defendants entered into an agreement with anyone to perform an unlawful act. These Defendants simply hired the Co-Defendant to perform marketing, had no knowledge of any illegal or improper activities and certainly did not enter into any agreement to perform any unlawful activities.

157. In further answering, Plaintiffs claims for liability based on Aiding and Abetting fail. To establish a claim for aiding and abetting a Plaintiff must prove: (1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abetter; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor." Defendants had no knowledge of any underlying violation and their mere payment of money for marketing does not constitute rendering "substantial assistance".

158. Defendants are entitled to recover their legal fees from the Plaintiff under Section 817.41(6), Fla. Stat., and Section 501.2105(1), Fla. Stat.

Wherefore, Defendants, demand judgment in their favor, plus an award of attorney's fees.

## CERTIFICATE OF SERVICE

I certify that a copy hereof was provided through the Florida E-Filing Portal to Jason Herman, Esq., and Derrick Valkenburg, Esq., 7335 West Sand Lake Road, Suite 300, Orlando, Florida 32819, on this February 8, 2019.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1835 NE Miami Gardens Drive, Suite 211
Miami, Florida 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com