# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIEL J. NEWLIN, P.A.,**

    **Plaintiff,**

**v.**                                             Case No: 6:19-cv-383-Orl-31GJK

**DEX MEDIA HOLDINGS, INC.,
FENSTERSHEIB LAW GROUP, P.A.,
ROBERT J. FENSTERSHEIB and DAVID
S. FENSTERSHEIB,**

    **Defendants.**

## ORDER

This Matter comes before the Court on the Plaintiff's Motion to Remand (Doc. 20) and the Defendant's Memorandum in Opposition (Doc. 27).

### I. Background

The Plaintiff's Complaint alleges thirteen (13) counts, all of which arise out of Florida common law or Florida Statutes, including unauthorized use of name for advertising; violation of Florida Deceptive and Unfair Trade Practices Act; Florida common law service mark infringement; violation of Florida's misleading advertising law; and Florida common law unfair competition Doc. 20 at 1-2. The Defendant removed the case, and the Plaintiff moved to remand.

### II. Legal Standards

Unlike state courts, lower federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). In determining whether federal jurisdiction exists, the burden "falls on the party attempting to invoke the jurisdiction of the federal court." *Lee Mem'l*

*Health Sys. v. Blue Cross & Blue Shield of Fla., Inc.*, 248 F. Supp. 3d 1304, 1309 (M.D. Fla. 2017) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

Section 1441(b) of Title 28 permits a defendant to remove any civil action "founded on a claim or right arising under the . . . laws of the United States." Generally speaking, such "arising under" jurisdiction is found where the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

Removal jurisdiction "raises serious federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Federal courts are thus "directed to construe removal statutes strictly." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). The Eleventh Circuit has instructed that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

### III. Analysis

The Plaintiff's Complaint alleges only state law claims. However, the Defendants argue that the case was properly removed "because the action is one involving a claim of unfair competition arising from a federally registered trademark and use of that mark in interstate commerce." Doc. 27 at 3. The mere mention of a federally registered trademark is insufficient to confer subject matter jurisdiction here. The Plaintiff is the master of his own complaint. No federal question appears on the face of the Complaint. The Plaintiff chose to bring only state law causes of action in state court; accordingly, removal to federal court was improper. *See Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the Motion to Remand (Doc. 20) filed by the Plaintiff is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 3, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party